| | |
|---|---|
| KIMBERLEY M., | |
| Plaintiff, | CASE NO. 3:18-cv-05107 JRC |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent Filed by Plaintiff To Proceed Before a Magistrate Judge, Dkt 5. This matter has been fully briefed. *See* Dkt. 13, 14, 15.

After considering and reviewing the record, the Court concludes that the ALJ erred when he rejected the opinion of Dr. Kari Tarantino, an examining doctor. Dr. Tarantino diagnosed plaintiff with an anxiety disorder, which Dr. Tarantino opined moderately limited plaintiff's

1 abilities to maintain a schedule and to complete normal work hours without interruption from
2 psychologically based symptoms. The ALJ found that this opinion was contradicted by evidence
3 of an unsuccessful prior work attempt—which the ALJ mischaracterized as showing ten weeks
4 of "working the telephone"—even though the record reveals that plaintiff's prior work attempt
5 was unsuccessful because of her conditions, including anxiety. The ALJ also found that Dr.
6 Tarantino's opinion was contradicted by evidence that plaintiff had worked in the past despite
7 her psychological conditions, but in doing so, the ALJ failed to acknowledge that plaintiff's
8 anxiety had progressively worsened.

9 Because the ALJ provided no clear and convincing reason supported by substantial
10 evidence to discredit Dr. Tarantino's opinion, the ALJ erred. The ALJ's error was not harmless
11 because had the ALJ credited Dr. Tarantino's opinion, the RFC would have differed and the
12 ultimate nondisability determination could have been different. Thus, the Court grants plaintiff's
13 request for a remand for further proceedings.

## FACTS

In May 2014, plaintiff applied for disability insurance benefits under 42 U.S.C. § 423 (Title II) of the Social Security Act. *See* AR. 21. Plaintiff had completed three years of college (AR. 77), and her most recent job was a pizza delivery driver. AR. 313, 322. Plaintiff alleged that due to anxiety, degenerative disc disease, and supraventricular tachycardia, she had stopped working in 2011, when she was 39 years old. *See* AR. 24, 312, 341. The Administration denied her application initially and following reconsideration. *See* AR. 127, 140.

In September 2016, at plaintiff's hearing before Administrative Law Judge James Sherry ("the ALJ"), plaintiff amended her alleged onset date to January 2013. *See* AR. 21, 70. The ALJ

found that plaintiff was insured through June 2017 and that she was not disabled during the relevant period. AR. 21, 35. At step 2, the ALJ found that plaintiff had at least the severe impairments of generalized anxiety disorder, unspecified dissociative order, myofascial pain syndrome, diabetes, obesity, bilateral lower extremity peripheral neuritis, chronic abdominal pain, right knee degenerative joint disease, and lumbar degenerative disc disease with radiculopathy. AR. 23.

The Appeals Council denied plaintiff's request for review. AR. 1. Plaintiff then filed a complaint for judicial review of the ALJ's decision in this Court. *See* Dkt. 3.

DISCUSSION

Plaintiff argues that the ALJ erred when the ALJ evaluated (1) the medical opinion evidence and (2) plaintiff's testimony. Dkt. 13, at 2. This Court agrees that the ALJ committed harmful error in evaluating some of the medical opinion evidence and that a remand for further proceedings is appropriate, so that the Court does not reach plaintiff's remaining issues.

**I. Legal Principles**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**II. Dr. Tarantino's Opinion**

Where a doctor's opinion is contradicted by other doctors' opinions, an ALJ must provide specific and legitimate reasons supported by substantial evidence in the record to reject the opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where a doctor's opinion is

not contradicted, however, the ALJ must provide clear and convincing reasons to reject the opinion. *See id.*

In 2014, Kari Tarantino, Psy.D., performed a psychological consultative evaluation and diagnosed plaintiff with an anxiety disorder. AR. 607. Dr. Tarantino noted that plaintiff's anxiety was "a lifelong concern" (AR. 604), but one that had progressively worsened since 2010. AR. 605. Based on plaintiff's resulting "mood symptoms and tendency to isolate herself from others," Dr. Tarantino opined that plaintiff had moderate impairments to her abilities to maintain regular attendance and to complete a normal work day or week without interruption from her psychiatric condition. AR. 607–08.

Although the ALJ accepted some of Dr. Tarantino's limitations, the ALJ rejected her opinion that plaintiff had moderate limitations to her abilities to maintain attendance and persistence. *See* AR. 31–32. The ALJ provided two reasons for discounting this opinion: first, plaintiff "was able to persist at [a] Xerox job for weeks despite the primary job duty involv[ing] working the telephone." AR. 32. Second, "the [plaintiff] describes her anxiety and dissociation as being issues for years, yet the [plaintiff] has been able to successfully attend school and work in the past despite such issues[.]" AR. 32.

At the outset, this Court notes that no other medical opinion contradicted Dr. Tarantino's opinion about plaintiff's attendance and persistence limitations. *See* AR. 122, 137, 774–75, 779, 893. Indeed, state agency examiners agreed that plaintiff's abilities to maintain attendance and persistence were moderately limited by her conditions. AR. 122, 137. Thus this Court reviews whether the ALJ provided clear and convincing reasons for rejecting Dr. Tarantino's opinion in this regard. *See Lester*, 81 F.3d at 830.

The first reason that the ALJ provided was a finding that plaintiff was able to persist "for weeks" at a prior work attempt at Xerox where she "work[ed] the telephone." AR. 32. Earlier in his decision, the ALJ had found that plaintiff had persisted at this work attempt for "approximately 10 weeks," that plaintiff "became overwhelmed with stress and asked to have her hours reduced," and that the RFC "would not require the social interaction that [plaintiff] did not endure [sic] at" the prior work attempt. AR. 30.

Substantial evidence does not support the ALJ's findings in this regard. Although the ALJ characterized the work attempt as showing that plaintiff was able to handle answering the telephone for ten weeks, the evidence about the work attempt was plaintiff's testimony that she was in training for "the first eight weeks" and then after only "two weeks" "on the floor," she was unable to continue because of her anxiety and pain from sitting. AR. 79–80. For substantial evidence to support a finding, there must be "'more than a scintilla'" of evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). But the ALJ's finding that plaintiff had worked for ten weeks answering telephones is not supported by even a scintilla of evidence.

Moreover, the fact that due in part to her anxiety, plaintiff was unable to persist at this job is not a convincing reason to discredit Dr. Tarantino's assessment of anxiety-related limitations. "It does not follow from the fact that a [plaintiff] tried to work for a short period of time, and because of [her] impairments, *failed*, that [s]he did not then experience pain and limitations severe enough to preclude [her] from *maintaining* substantial gainful employment." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007). According to plaintiff's testimony, anxiety was one of the reasons that she left the Xerox job after only two weeks "on the floor" "answering phones" (AR. 79), so that her failed work attempt is hardly a clear and convincing reason to find

that she was able to maintain attendance and persistence in a workplace to a greater extent than Dr. Tarantino opined. Evidence that plaintiff tried and failed to work actually supports that her anxiety impaired her ability to work. *See Lingenfelter*, 504 F.3d at 1038. The ALJ's reliance on plaintiff's prior, unsuccessful work attempt was not a clear and convincing reason, supported by substantial evidence, to discredit Dr. Tarantino's attendance and persistence limitations.

The second reason that the ALJ gave to discredit Dr. Tarantino's attendance and persistence limitations was plaintiff's ability to successfully attend work and school in the past, despite her "anxiety and dissociation . . . being issues for years[.]" *See* AR. 32. Where a doctor opines that plaintiff suffers longstanding impairments that render her disabled, the ability to work in the past may be a valid reason to discount that opinion. *See Bayliss*, 427 F.3d at 1217; *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). Here, however, Dr. Tarantino did not diagnose plaintiff with anxiety at a constant level. Rather, Dr. Tarantino noted that plaintiff alleged that her anxiety had "gotten progressively worse" since 2010. AR. 605. Where Dr. Tarantino noted that plaintiff's anxiety progressively worsened and where the ALJ made no finding that plaintiff worked after her anxiety worsened, the fact that plaintiff was "able to successfully attend school and work in the past" was not a clear and convincing reason to discredit Dr. Tarantino's opinion. *See* AR. 32.

Defendant appears to argue that because the source of the information in Dr. Tarantino's opinion was plaintiff's self-report that her anxiety had worsened and because the ALJ otherwise properly found plaintiff's testimony not reliable, the ALJ could discount Dr. Tarantino's opinion because it depended on plaintiff's unreliable self-report. *See* Dkt. 14, at 5. But this argument relies on reasoning that the ALJ did not provide when he discounted Dr. Tarantino's opinion.

*See* AR. 32. This Court may not uphold an ALJ's decision on the basis of a reason that the ALJ did not himself provide. *See Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017).

For these reasons, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, when he discredited Dr. Tarantino's opinion that plaintiff had moderate limitations to her ability to maintain regular attendance and to complete a normal work day or week without interruption from psychiatric condition.

**III. Not Harmless Error and Remand for Further Proceedings**

Plaintiff argues that if this Court finds error, it should also find that the error was harmful and should remand for further proceedings. *See* Dkt. 13, at 12.

"ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination[,]' and . . . 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Cmm'r*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

Neither of the reasons that the ALJ gave for rejecting Dr. Tarantino's opinion that plaintiff had moderate limitations to her ability to maintain a schedule and persistence was a clear and convincing reason supported by substantial evidence. Moreover, had the ALJ fully credited Dr. Mitchell's testimony, the RFC could have included greater limitations—the ALJ did not incorporate any limitations to plaintiff's ability to maintain a schedule or regular work attendance into the RFC. *See* AR. 27. Indeed, when the ALJ questioned the vocational expert, the vocational expert explained that depending on the level of absenteeism and habitual tardiness that an employee exhibited, there might be no available jobs. *See* AR. 103, 108. Thus, had the

ALJ fully credited Dr. Tarantino's opinion, the outcome could have differed, and the error is not harmless.

A remand for further proceedings, as plaintiff requests, is appropriate here, rather than an award of benefits. To remand for an award of benefits, three conditions must be satisfied: (1) the ALJ made a legal error; (2) the record as a whole is fully developed and free from conflicts and ambiguities; and (3) had the ALJ fully credited the improperly discredited evidence as true, the ALJ would have been required to find the plaintiff disabled. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Here, the first condition is met, but the second and third conditions are not met. Regarding the second condition, although Dr. Tarantino concluded that plaintiff had moderate difficulties maintaining regular attendance, further findings are necessary to translate Dr. Tarantino's conclusions into concrete limitations in the RFC. Moreover, regarding the third condition, although the vocational expert explained that absenteeism or tardiness could make one unemployable, the availability of employment depended on the frequency and severity of the tardiness or absenteeism. *See* AR. 103, 108. Because the second and third conditions are not met, this Court remands for further proceedings.

**IV. Other Issues**

Plaintiff's remaining issues concern the ALJ's weighing of other medical opinion evidence and plaintiff's credibility. *See* Dkt. 13, at 2. Because this Court remands for further proceedings, the ALJ must reassess all of the medical opinion evidence and plaintiff's credibility on remand. *See* Program Operations Manual System (POMS) GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited December 18, 2018) (a court order vacating a prior decision and remanding the case voids the prior decision and thus

returns the case to the status of a pending claim). Thus this Court does not address plaintiff's remaining issues.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**JUDGMENT** should be for the plaintiff, and the case should be closed.

Dated this 26th day of December, 2018.

J. Richard Creatura
United States Magistrate Judge